UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE,

    *Plaintiff*,

v.

EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC., a Florida not for profit Corporation,

    *Defendant*.

_____/

CASE NO.:

CIVIL ACTION

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, JANE DOE, through counsel, files this Complaint against Defendant EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC. and states as follows:

## INTRODUCTION

1. This is an action for negligence arising from the sexual battery committed against Plaintiff JANE DOE, a student at Defendant EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC. ("EMBRY-RIDDLE"), by EMBRY-RIDDLE flight instructor, employee and agent, Bassem Mseeha, during Plaintiff's enrollment as a student at EMBRY-RIDDLE on October 31, 2021.

## JURISDICTION AND PARTIES

2. Plaintiff, JANE DOE, is an adult female over the age of 18 who resides in and is a citizen of the State of Texas.

1

3. Defendant, EMBRY-RIDDLE is a Florida not for profit corporation, organized and existing under the laws of the State of Florida and doing business in Volusia County, Florida at its registered business address of 1 Aerospace Blvd., Daytona Beach, Florida 32114.

4. At all material times, EMBRY-RIDDLE operated in the state of Florida and upon information and belief, EMBRY-RIDDLE's human resources personnel, working from Volusia County Florida, hired Bassem Mseeha, as a flight instructor for EMBRY-RIDDLE.

5. Defendant, EMBRY-RIDDLE, engages in substantial and not isolated activity in the State of Florida.

6. Venue properly lies in this judicial circuit in that Defendant EMBRY-RIDDLE resides in this district. In addition, a substantial part of the events and/or omissions which give rise to the subject claims occurred in this district because Defendant EMBRY-RIDDLE's negligent training, supervision and provision of security took place, in this district.

7. This Court has jurisdiction under 28 U.S.C. Sec. 1332 because the matter in controversy exceeds seventy-five thousand dollar ($75,000) exclusive of interest, costs, and attorney's fees.

## FACTUAL ALLEGATIONS

8. Defendant, EMBRY-RIDDLE, claims that it is "the world's largest and most respected university specializing in aviation and aerospace".

9. JANE DOE enrolled as a student at the EMBRY-RIDDLE Prescott, Arizona campus in January 2020.

10. In August 2021, EMBRY-RIDDLE hired Bassem Mseeha to work as a certified flight instructor and employee.

11. In or about October 2021, Defendant EMBRY-RIDDLE assigned Bassem Mseeha to provide instruction to Plaintiff as a certified flight instructor,

12. In October 2021, Defendant MSEEHA, at EMBRY-RIDDLE's direction, provided one-on-one flight instruction on three occasions to Plaintiff JANE DOE at EMBRY-RIDDLE's facilities in Prescott Arizona.

**October 31, 2021 Rape**

13. On or about October 31, 2021 Jane Doe was at the bar Prescott Public House in Prescott Arizona.

14. Bassem Mseeha, Plaintiff's EMBRY-RIDDLE certified flight instructor, approached Jane Doe while she was at the bar.

15. EMBRY-RIDDLE's employee, flight instructor and agent Defendant Bassem Mseeha followed JANE DOE as she was leaving the bar.

16. Defendant Bassem Mseeha attempted to kiss JANE DOE as she attempted to leave. JANE DOE stopped Mseeha and stated that his advance was inappropriate because he was her EMBRY-RIDDLE flight instructor.

17. Bassem Mseeha offered to drive JANE DOE to her home.

18. JANE DOE only knew Bassem Mseeha as her EMBRY-RIDDLE flight instructor. She had no other relationship with him.

19. Upon arriving at JANE DOE's home, Bassem Mseeha attempted to enter JANE DOE's apartment under the guise of seeing JANE DOE's pet, which she had mentioned earlier in the evening.

20. Once gaining entry to JANE DOE's home, Bassem Mseeha forcibly raped JANE DOE.

21. As a result of her rape, JANE DOE has suffered and suffers ongoing, severe injuries.

22. Thereafter, on or about May of 2022, the Defendant EMBRY-RIDDLE flight instructor assigned to JANE DOE was scheduled to take a vacation, which required another flight instructor to cover the class.

23. JANE DOE requested that EMBRY-RIDDLE not assign Bassem Mseeha to her or her class given the fact that Mseeha previously raped her.

**Known Criminal History of EMBRY-RIDDLE's Employee**

24. Another flight instructor employed by Defendant EMBRY-RIDDLE suggested that JANE DOE Google the name "Bassem Mseeha".

25. Upon doing so, JANE DOE discovered that Bassem Mseeha had been previously arrested in Miami, Florida in 2016 and charged with sexual battery, kidnapping, and false imprisonment.

26. The 2016 incident report surrounding his arrest, states that Bassem Mseeha punched a woman who refused to kiss him in the head and face, dragged her to his bedroom by her hair and forced her to perform oral sex on him. The incident

report further states that Bassem Mseeha refused to allow the victim to leave his home until she had sex with him.

27. Bassem Mseeha was charged with two (2) counts of sexual battery and kidnapping.

28. Upon information and belief, before Plaintiff JANE DOE was sexually assaulted, Defendant EMBRY-RIDDLE knew or reasonably should have known that Bassem Mseeha was alleged to have sexually assaulted a woman in Miami Florida in 2016 and that he was criminally charged with sexual battery, kidnapping, and false imprisonment.

29. Upon reading about Bassem Mseeha's criminal history, Jane Doe became visibly distraught in the presence of her EMBRY-RIDDLE flight instructor.

30. Upon observing JANE DOE's visible distress caused by her learning of Mseeha's criminal history, the EMBRY-RIDDLE flight instructor reported JANE DOE's distress to Defendant EMBRY-RIDDLE, including, upon information and belief, to EMBRY-RIDDLE's Title IX coordinator.

31. EMBRY-RIDDLE's Title IX coordinator acknowledged to JANE DOE that Bassem Mseeha had recently assaulted another EMBRY-RIDDLE student, who was filing a police report.

32. JANE DOE then understood that her sexual assault was not an isolated incident and felt compelled to report EMBRY-RIDDLE employee flight instructor Bassem Mseeha to the police.

33. JANE DOE and the other student victim reported EMBRY-RIDDLE flight instructor Bassem Mseeha to the Prescott Police Department in June of 2022.

34. On or about July of 2022, JANE DOE was granted an Injunction Against Harassment by the Prescott Justice Court, Prescott Arizona against Bassem Mseeha.

35. JANE DOE was contacted by EMBRY-RIDDLE's Human Resources department who advised her that at the time that EMBRY-RIDDLE hired Bassem Mseeha, that it knew of his arrest in Miami Florida for sexual assault. EMBRY-RIDDLE further represented to JANE DOE that since Bassem Mseeha was not convicted of the assault by the time of his hiring, that EMBRY-RIDDLE had no reason to deny Bassem Mseeha employment.

36. After EMBRY-RIDDLE received the reports from JANE DOE and their other student, EMBRY-RIDDLE placed Bassem Mseeha on paid leave.

37. Upon information and belief, following his placement on leave, Bassem Mseeha returned and/or was deported to Egypt, his home country.

38. Multiple EMBRY-RIDDLE employees, including administrators with the authority to take corrective action against Bassem Mseeha, knew about his history of prior sexual assaults.

39. Upon information and belief, several EMBRY-RIDDLE employees warned female students at EMBRY-RIDDLE about Bassem Mseeha's propensity to assault women.

40. Defendant EMBRY-RIDDLE knew or reasonably should have known, that several of their employees knew of Bassem Mseeha's propensity to assault women

and were warning women students at EMBRY-RIDDLE about Bassem Mseeha's known dangerous propensity.

41. Defendant EMBRY-RIDDLE admonished their employees who were warning students of Bassem Mseeha's known dangerous propensities and instructed their employees to stop, "spreading rumors" about Bassem Mseeha.

42. Defendant EMBRY-RIDDLE acted with deliberate indifference to these allegations against Bassem Mseeha.

43. As a result of the indifference and enabling by EMBRY-RIDDLE, Bassem Mseeha was able to commit additional assaults on EMBRY-RIDDLE women students, including but not limited to JANE DOE.

44. The above-described offensive touching was not authorized by JANE DOE and was committed against her will.

45. JANE DOE did not invite, induce, ratify, implicitly consent, or comply with this sexual contact. To the contrary, JANE DOE was in shock by Bassem Mseeha's actions, as this violation occurred by an employee of EMBRY-RIDDLE.

46. Upon information and belief, one or more of Defendant EMBRY-RIDDLE's flight instructors knew or should have known of Bassem Mseeha's prior history of alleged violent and/or sexual crimes against women.

## COUNT I
## NEGLIGENCE
## AGAINST EMBRY-RIDDLE

Plaintiff repeats and re-alleges Paragraphs 1 through 46 above.

47. At all material times, Bassem Mseeha was an employee, appointee, and/or agent of Defendant EMBRY-RIDDLE.

48. Defendant Bassem Mseeha committed acts of battery against Plaintiff JANE DOE by offensively touching her in a sexual manner and without her consent.

49. As a flight instructor for Defendant EMBRY-RIDDLE, Bassem Mseeha was in a position of power over Jane Doe at the time of the incident in question and was an authority figure who was also in a position of trust over Plaintiff JANE DOE.

50. Bassem Mseeha perpetrated the above-described acts of sexual battery and offensive sexual touching against Plaintiff JANE DOE during Bassem Mseeha's non-working hours while Bassem Mseeha was working for Defendant EMBRY-RIDDLE's Arizona campus as a visiting Flight Instructor from the Florida Campus.

51. Bassem Mseeha's position as a Flight Instructor and the fact he wielded power over JANE DOE enabled Bassem Mseeha to perpetrate the above-described acts of sexual battery and offensive touching against Plaintiff JANE DOE, which he would not have had the opportunity to perpetrate but for his employment with Defendant EMBRY-RIDDLE.

52. At all material times, Defendant EMBRY-RIDDLE, as a school operating in the State of Florida and State of Arizona owed a duty to its students like Plaintiff JANE DOE to exercise reasonable care to protect her safety, care, and well-being while.

53. Defendant EMBRY-RIDDLE had a duty to anticipate and guard against the intentional misconduct of others against Plaintiff JANE DOE and to create and

8

implement policies and procedures to ensure the safety of their students from foreseeable harm, including criminal acts perpetrated by third-parties.

54. Defendant EMBRY-RIDDLE breached its duty of care by failing to maintain reasonable policies and procedures to keep their student safe from from foreseeable harm, including criminal acts perpetrated by third-parties.

55. Defendant EMBRY-RIDDLE breached its duty of care by failing to protect Plaintiff from sexual battery and lewd and lascivious acts committed by its employee, Bassem Mseeha, including its failure to prevent Bassem Mseeha from entering the home of a student for purposes of sexually assaulting her.

56. Defendant EMBRY-RIDDLE, breached its duty of care in failing to establish and implement protocols for handling student safety and well-being situations, including appropriate relationships between student and instructors associated with EMBRY-RIDDLE.

57. Defendant EMBRY-RIDDLE knew, or in the exercise of reasonable care should have known, one or more of the following with regard to Bassem Mseeha: that he was unfit for the duties assigned; that he did not exhibit appropriate boundaries with students; that he was sexually inappropriate with women in the past; that he had a prior criminal background; and/or that he posed a risk of perpetrating unwanted sexual contact on Plaintiff.

58. Defendant EMBRY-RIDDLE knew, or in the exercise of reasonable care should have known, that without the establishment and implementation of safety protocol for handling prior complaints of sexual misconduct and other dangers

associated with students who would be placed in danger of other harms being caused to them, including sexual assault.

59. Despite Defendant EMBRY-RIDDLE's actual or constructive knowledge of such information, Defendant EMBRY-RIDDLE implemented or failed to follow safety protocols that would have prevented this sexual battery from occurring, issued no warnings, and took no action to protect any of its female students, including JANE DOE, from known dangers created by Bassem Mseeha.

60. At all relevant times, Defendant EMBRY-RIDDLE knew, or in the exercise of reasonable care should have known, that Bassem Mseeha was unfit, dangerous, or a threat to the safety and welfare of women on Defendant EMBRY-RIDDLE's premises, and that it lacked a reasonable safety protocol which placed students at greater risk of being victimized including by sexual assault.

61. Despite such actual or constructive knowledge, EMBRY-RIDDLE failed to exercise adequate supervision of its employees or put in place any protocol to allow the employees to protect the female students from harm.

62. As a direct and proximate result of the foregoing, Plaintiff JANE DOE was sexually battered, violated, and has suffered damages, including medical and psychological expenses, personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future. These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, JANE DOE, demands judgment against Defendant EMBRY-RIDDLE, for compensatory damages, and all other as this Court deems just and proper.

## COUNT II
## NEGLIGENT HIRING
## AGAINST EMBRY-RIDDLE

Plaintiff repeats and re-alleges Paragraphs 1 through 46 above.

63. At all times material hereto, EMBRY-RIDDLE owed a duty to Plaintiff, JANE DOE, to use reasonable care to ensure her safety, care, and well-being while she was a student at EMBRY-RIDDLE.

64. These duties included hiring the proper individuals to fill all necessary positions to ensure the safety of students at the EMBRY-RIDDLE.

65. Included in the hiring of the proper individuals is the necessity of performing, at minimum, a background check of any prospective employees.

66. Upon a simple google search, or a background check of Bassem Mseeha, EMBRY-RIDDLE would have found that Bassem Mseeha was arrested in Miami-Dade County for a violent crime against a woman.

67. In light of the information available to EMBRY-RIDDLE, they knew or should have known after minimal, reasonable search that Bassem Mseeha posed a potential danger to the female students at EMBRY- RIDDLE.

68.     EMBRY-RIDDLE breached its duty of care in every way by failing to protect Plaintiff from the sexual battery and lewd and lascivious acts committed by their employee, Bassem Mseeha.

69.     As a direct and proximate cause of the negligent hiring of the EMBRY-RIDDLE employee Bassem Mseeha, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future.  These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, JANE DOE, demands judgment against Defendant, EMBRY-RIDDLE, for compensatory damages, and all other as this Court deems just and proper.

## COUNT III
## NEGLIGENT RETENTION
## AGAINST EMBRY-RIDDLE

Plaintiff repeats and re-alleges Paragraphs 1 through 46 above.

70.     At all times material hereto, EMBRY-RIDDLE owed a duty to Plaintiff, JANE DOE, to use reasonable care to ensure her safety, care, and well-being while she was a student at EMBRY-RIDDLE.

71.     These duties included retaining the proper individuals to fill all necessary positions to ensure the safety of students at the EMBRY-RIDDLE.

72. Upon information and belief, after EMBRY-RIDDLE hired Bassem Mseeha, it discovered or reasonably should have discovered that Mseeha was arrested in Miami-Dade County for a violent crime against a woman.

73. Upon information and belief, after EMBRY-RIDDLE hired Bassem Mseeha, it discovered or reasonably should have discovered that Mseeha posed a potential danger to the female students at EMBRY- RIDDLE.

74. EMBRY-RIDDLE breached its duty of care in every way by failing to protect Plaintiff from the sexual battery and lewd and lascivious acts committed by their employee, Bassem Mseeha.

75. As a direct and proximate cause of the negligent retention of the EMBRY-RIDDLE employee Bassem Mseeha, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future. These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, JANE DOE, demands judgment against Defendant, EMBRY-RIDDLE, for compensatory damages, and all other as this Court deems just and proper.

## COUNT IV
## NEGLIGENT TRAINING
## AGAINST EMBRY-RIDDLE

Plaintiff repeats and re-alleges Paragraphs 1 through 46 above.

76. At all times material hereto, EMBRY-RIDDLE owed a duty to Plaintiff, JANE DOE, to use reasonable care to ensure her safety, care, and well-being while she was a student at EMBRY-RIDDLE.

77. These duties included hiring the proper individuals to fill all necessary positions to ensure the safety of students at the EMBRY-RIDDLE.

78. These duties included properly training all employees hired by EMBRY-RIDDLE.

79. The duties of EMBRY-RIDDLE to train its employees included instructing employees on how to interact appropriately with students.

80. The duties of EMBRY-RIDDLE to train its employees included instructing employees on how to ensure the safety of students who were under their care.

81. The duties of EMBRY-RIDDLE to train its employees included instructing employees of the social and professional boundaries that must be maintained between instructors and students.

82. EMBRY-RIDDLE breached its duty of care in every way by failing to protect Plaintiff from the sexual battery and lewd and lascivious acts committed by their employee, Bassem Mseeha.

83. At all times material hereto, the EMBRY-RIDDLE employed Bassem Mseeha as a flight instructor.

84. Despite being in a position to of power over JANE DOE, Bassem Mseeha was not properly trained in how to appropriately interact with students.

85. At all times material hereto, Defendant EMBRY-RIDDLE had a duty to exercise reasonable care to properly train its employees including but not limited to the flight instructor.

86. At all times material hereto, Defendant EMBRY-RIDDLE negligently trained its employees including but not limited to the flight instructor because:

    a) Bassem Mseeha improperly interacted with JANE DOE;

    b) Bassem Mseeha improperly entered JANE DOE's apartment under the guise of seeing her new pet;

    c) Bassem Mseeha sexually assaulted JANE DOE;

87. At all relevant times, EMBRY-RIDDLE knew or in the exercise of reasonable care should have known that Bassem Mseeha was not properly trained and was not properly supervised, placing female students at risk.

88. Despite such actual or constructive knowledge, EMBRY-RIDDLE failed to exercise adequate supervision over Bassem Mseeha.

89. As a direct and proximate cause of the negligent training of the EMBRY-RIDDLE employees, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, and has sustained a

loss of the capacity for the enjoyment of life in the past and will incur these damages in the future. These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, JANE DOE, demands judgment against Defendant, EMBRY-RIDDLE, for compensatory damages, and all other as this Court deems just and proper.

### COUNT V
### NEGLIGENT SUPERVISION
### AGAINST EMBRY-RIDDLE

Plaintiff repeats and re-alleges Paragraphs 1 through 46 above.

90. At all times material hereto, EMBRY-RIDDLE owed a duty to Plaintiff, JANE DOE, to use reasonable care to ensure her safety, care, and well-being while she was a student at EMBRY-RIDDLE.

91. At all times material hereto, the duties of the EMBRY-RIDDLE included the duty to properly supervise all employees hired by the corporation.

92. At all times material hereto, EMBRY-RIDDLE, had a duty to the female students to adequately supervise Bassem Mseeha.

93. At all times material hereto in which Defendant, EMBRY-RIDDLE, supervised Bassem Mseeha, Bassem Mseeha was a flight instructor at EMBRY-RIDDLE.

94. The duties of the EMBRY-RIDDLE include adequate supervision of all employees as to ensure that an employee does not have the opportunity to sexually assault a student, on or off campus.

95. The duties of the EMBRY-RIDDLE include adequate supervision of all employees as to ensure that an employee does not actually sexually assault a student, on or off campus.

96. EMBRY-RIDDLE had the duty to supervise Bassem Mseeha to ensure his compliance with the school's rules regulating contact between employees and students.

97. At all times material hereto, Defendant, EMBRY-RIDDLE, negligently supervised Bassem Mseeha since any prudent and reasonable corporation would have had layers of supervision in place to prevent Bassem Mseeha from forcing himself on a student.

98. EMBRY-RIDDLE breached its duty of care in every way by failing to protect Plaintiff from sexual battery and lewd and lascivious acts committed by their employee, Bassem Mseeha.

99. Defendant knew or in the exercise of reasonable care should have known that Bassem Mseeha was unfit for the duties assigned, did not exhibit appropriate boundaries with students, and/or posed a risk of perpetrating unwanted sexual contact on Plaintiff.

100. Despite having such information, EMBRY-RIDDLE placed no limitations on Bassem Mseeha's employment, failed to provide supervision of Bassem Mseeha, and took no action to protect any of its female students, including JANE DOE.

101. Despite such actual or constructive knowledge, EMBRY-RIDDLE retained Bassem Mseeha and failed to exercise adequate supervision over him.

102. As a direct and proximate cause of the negligent supervision of EMBRY-RIDDLE, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future. This damage is permanent and continuing in nature.

WHEREFORE, Plaintiff, JANE DOE, demands judgment against Defendant, EMBRY-RIDDLE for compensatory damages, and all other as this Court deems just and proper.

/ /     Intentionally left blank     / /

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated: October 5, 2023                Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (FBN 132896)
Catherine L. Davis (FBN 122172)
EDWARDS HENDERSON LEHRMAN
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822
E-mail: seth@cvlf.com
E-mail: catherine@cvlf.com

*Counsel for Plaintiff*