UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE,

    Plaintiffs,

v.                                        Case No. 6:23-CV-01924

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendants.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1. Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 2/16/2024. Plaintiff's counsel Seth Lehrman and Defendant's counsel Allison Oasis Kahn attended the conference via video.

**2. Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 3/29/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/11/2024 |

135173704.1

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). <br> Plaintiff | | 2/20/2025 |
| | Defendant | 3/20/2025 |
| | Rebuttal | 3/31/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 5/9/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 6/20/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. <br><br> Marquis W. Heilig <br> Heilig & Associates, P.A. <br> PO BOX 10786 <br> Tampa, FL 33679 <br> 813-486-7312 <br> mark@heiligandassociates.com | | 7/3/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 1/21/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 1/31/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 2/12/2026 |
| Month and year of the trial term. | | 3/3/2026 |

The trial will last approximately 5 days and be with

☒  jury.

☐  non-jury.

### 3.   Description of the Action

This is an action for negligence arising from an alleged sexual battery against Plaintiff Jane Doe, a student at Defendant Embry-Riddle Aeronautical University, Inc., allegedly by Defendant's flight instructor Bassem Mseeha, on October 31, 2021.

2

**4.  Disclosure Statement**

☒  The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

**5.  Related Action**

☒  The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6.  Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐  The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒  The parties do not consent.

**7.  Preliminary Pretrial Conference**

☐  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒  The parties do request a preliminary pretrial conference, and the parties want to discuss a stay of discovery pending resolution of the Motion to Transfer, DE21, extended discovery period because many witnesses reside in Prescott, Arizona, entry of a protective order, claw back order, 502(d) order, and issues described in the special handling section below,

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes:

B. Discovery may be needed on these subjects:

Plaintiff intends to take the following discovery:

i. The policies, procedures and practices maintained by Defendant to ensure the safety of students, particularly keeping students safe from sexual assault,
ii. Defendant's hiring, training, supervision and retention of flight instructors, including the alleged assailant,
iii. The history of alleged claims of sexual assault and other violent crimes against Defendant's students and of Defendant's employees allegedly committing any crimes, including violent crimes,
iv. The sexual assault of Plaintiff,
v. The physical injuries and other damages allegedly caused by Defendant's negligence,
vi. Expert discovery from Defendant's liability and damages experts.

Defendant intends to take the following discovery:

i. Whether venue is proper in this judicial district instead of the District of Arizona, where a substantial part of the events or omissions giving rise to the Complaint occurred in Arizona, where ERAU maintains its Prescott Campus where Plaintiff was a student and where Bassem Mseeha provided flight instruction to Plaintiff, as currently set out in affirmative defenses and in ERAU's Motion to Transfer, DE 21.

4

ii. Whether Plaintiff can show that any of ERAU's acts or omissions fell below the applicable standard of care;
iii. Whether Plaintiff can show ERAU owed Plaintiff a duty to protect against any of the alleged conduct or harms averred in the Complaint;
iv. Whether Plaintiff can show ERAU's actions were negligent in any way
v. Whether Plaintiff can prove the underlying tort occurred;
vi. Whether any damages were caused by the acts of others, and if so, comparative negligence theories;
vii. Whether ERAU caused any damages alleged by Plaintiff;
viii. The existence and nature of any damages, including whether they are speculative;
ix. Whether any damages were the result of superseding and/or intervening acts, omissions, and breaches of duty by third parties over which ERAU had no liability to Plaintiff;
x. Whether any harms were caused by Plaintiff's own acts;
xi. Whether Plaintiff has mitigated any damages;
xii. Whether Plaintiff's claims are subject to jurisdictional deficiencies, including the statute of limitations;
xiii. Expert discovery on alleged liability and damages Plaintiff's alleged damages, including medical and psychological expenses, personal injuries, pain and suffering, and emotional distress;
xiv. Plaintiff's and Bassem Mseeha's relationship;
xv. Plaintiff's police report regarding Bassem Mseeha and any resulting investigation by the Prescott Valley Police Department; and
xvi. Plaintiff's injunction against harassment obtained against Bassem Mseeha.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; The parties jointly request that discovery be stayed pending resolution of ERAU's Motion to Transfer, DE 21.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

10. **Request for Special Handling**

☐ The parties do not request special handling.

☒ The parties request special handling. Specifically, an expedited ruling on ERAU's Motion to Transfer, DE 21, and a stay of discovery pending same. The parties also request variances from any Magistrate Judge Standing Orders as follows: at least seven business days and seven pages to respond to discovery motions absent motion specific orders for expedited or condensed responses. The parties also request that as part of the scheduling order, the court adopt the portion of S.D. Fla. L.R. 26.1(e)(2)(C) that the parties not required to include the following on a privilege log: "written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action."

☒ ERAU unilaterally requests special handling. Specifically, ERAU respectfully requests six weeks between the close of discovery and the dispositive motion deadline and six weeks between plaintiff's and defendant's disclosure of expert witnesses.

11. **Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

February 16, 2024

*/s/ Seth M. Lehrman*
Seth M. Lehrman (FBN 132896)
LEHRMAN LAW
951 Yamato Rd., Suite 285
Boca Raton, FL 33431
Telephone: 754-778-9660
E-mail: seth@lehrmanlaw.com

Catherine L. Davis (FBN 122172)
EDWARDS HENDERSON
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822
E-mail: catherine@cvlf.com

*Attorneys for Plaintiff Jane Doe*

February 16, 2024

*/s/ Allison Oasis Kahn*
Allison Oasis Kahn (FBN 496138)
CARLTON FIELDS
CityPlace Tower
525 Okeechobee Blvd., Ste. 1200
West Palm Beach, FL 33401-6350
Telephone: 561-650-8041
E-mail: akahn@carltonfields.com

*Attorneys for Defendant*
*Embry-Riddle Aeronautical University, Inc.*